Board of Education of Joliet Township High Schools & Joliet Township High School v. Will County Regional Board of School Trustees & All Accolades Good morning. My name is Scott Piles. I represent the Joliet Township High School District. In this case, the main issue that's going to be in the contention is whether or not the trial court erred in dismissing its count for certiorari in front of the circuit court with regard to the plaintiff's petition for administrative review, among other remedies. In this particular case, the committee of 10 filed a request for a boundary change in front of the regional superintendent of schools. There was a hearing that was conducted on this in 2014. At the conclusion of that hearing in June, I believe on June 9, 2014, there was a decision that was made by the board of the regional superintendent of schools. At that time, the seven-member board had one vacancy, so there were six members that were currently serving on the board at that time out of the seven-member board. Following that hearing, there was a vote of three to two, because there was one board member that was absent, to grant the petition for the boundary change from Joliet Township High School District to the Lincoln Way School District 210. After that vote was taken, the board then held a motion to reconsider. There were several issues that were involved even prior to that point. For example, the board, in conducting this hearing, didn't adopt any rules. From my experience, when you have an electoral board hearing, you adopt rules and procedure. Are Robert's rules going to apply? What sort of evidence do you take? And we found out after the fact, after we filed the Freedom of Information Act, that there were never any rules adopted for the conduct of the hearing. And that's significant to a certain extent because it calls into play how motions to reconsider were done and so forth. Now, at the June 9th hearing, only three members voted in favor of the petition to change the boundary out of a seven-member board with one person being one vacancy. In order for a decision to clear, you have to have a majority of the board, and that would have been four members. Now, despite that, the board, in its decision, granted the boundary change. In July 2014, or at some point thereto, I think the school, the regional superintendent school board, realized, wait a minute, we screwed up. Only three members voted. We needed four. So there was a hearing on a motion to reconsider a vote taken at the July 2014 meeting. And at that meeting, there was a resignation by the board member that had been absent in the June meeting, Trustee Valero, who was the vice president of the board. She had resigned. And at that time, the agenda indicated on there that they were going to do a motion to reconsider the boundary change. Well, the vote was taken, it was the same vote that had been taken a month earlier, and they argued that because now there was only four or five board members, well, now that the petition should be granted because then there would be a majority of three out of now serving five members out of a seven-member board. The petitioners, the Julio Township High School District, filed an inaction against the board and the committee, claiming three things. Administrative review, certiorari, and an EEOC. Now, the defendants in this case filed a motion to dismiss the certiorari count and the EEOC complaint, which the certiorari count was counted to. Now, the trial court granted that. And we believe that the trial court erred in that for one simple reason. Even though certiorari and the administrative review cover similar things, in fact, there's cases that indicate that when the administrative review law applies, we don't need to have a certiorari complaint. But in this particular case, what was adopted in the school code in Article 7 was that the decision, the decision of the board, of the regional superintendent, the decision of the board is reviewed by the Administrative Review Act. We put the certiorari complaint in there because we think there are things outside of the actual decision of the regional superintendent of schools that the trial court needed to look at. And among those were some of the things that I've mentioned. The fact that we had decisions that were being, the board and how it was constituted. There was a vacancy before these hearings were held that was never filled. Then we have a resignation of somebody on the board and then motions to reconsider. Those are things that fall outside the written four corners of the decision that the regional superintendent of schools would sign and would be reviewed by the trial court. And that's why that's... It almost appears to be counterintuitive because if the decision is through the Administrative Review Act, you're basically saying everything before that you could be in the district, I mean the circuit court. Anything and everything that could be litigated, you'd be in the circuit court, the trial court before you get to the decision, right? Are you talking about in terms of the constitution of the board that we could have filed something before we had a decision? Any objection to any process, procedure, action, inaction, you could be in front of a trial court. In terms of a preliminary injunction? Anything, yeah. Well, I think that that technically could be true, but at the point when all this was going on, first off, in June we thought we'd won because only three people had voted. So the petition would have been denied. Why would we go to court if we have a decision that's essentially in our favor? But you see my question. My question is, under your theory, what are the limits? Everything could be done, then all of a sudden the board renders a decision and only that the end game is the only thing that you go to the Administrative Review Act. Everything else is as if it didn't exist. I think if I understand your question, you're essentially saying that because the decision was rendered, that the other things were waived because we didn't challenge them. No, I'm not arguing with you about that. I'm asking a question about what would be outside your theory that you can go to the trial court to get a decision? Well, it's our position that the certiorari count that the trial court dismissed would be the appropriate remedy to try to remedy or to at least bring before the court some of the issues about the resignations, the motions, some of the extraneous things that fall outside the four corners of the decision. The Administrative Review Act, or the school code, adopted the Administrative Review Act for review of the decision. And we're talking about the decision, the testimony. I don't think that those things that you're arguing, procedural things, are implicitly taken in by the Administrative Review Act. If you look at the statute and the school code where it adopts the Administrative Review Act, it's very specific and it talks about the decision. Could an argument be made that some of the procedural things that took place could be incorporated? That's true. But we don't know that because we haven't had all the evidence yet. We're at a motion to dismiss stage. We're not talking about something where there's already been a hearing, witnesses were called to talk about some of these issues. We're not at that point. We're at a motion to dismiss. And the reason that we're here is that we don't want to be limited by the trial court saying, well, you know, the Administrative Review Act says we're only looking at what the decision of the board was. That's what is incorporated under the Administrative Review Act. And at this point, with the certiorari count being dismissed, we don't want to be limited in talking about some of these other things in front of the trial court because that count was dismissed. Now, if the decision, and there's some things that occurred even before, in terms of whether or not the board should have filled their one vacancy before it held a hearing. You know, the school code says that they shall fill that vacancy, but they were operating with just six. Then you have the hearing that was held, and then there was a vote taken where we should have won because there were only three votes in favor. So there should have been a denial, there should have been some done there. But anyway, the board at that point said, well, we're going to go ahead and we're going to grant the boundary change. Excuse me. My understanding of your argument is that you're saying that the school code, Article 7, extends administrative review for the purposes of things that happen under Article 7. Boundary change. That there is not a similar, you don't have a similar resort or access to the administrative review proceeding under Article 6, which you're saying these other matters fall under. That's correct. And if you're going to appeal the Article 6 issues, that you need to be able to proceed under a writ of certiorari rather than the administrative review act. That's correct. That is essentially what I'm saying. Because in Article 7, the school code is broken down into different sections. There is an Article 7 that relates to boundary change, and then Article 6, which talks about the composition of the regional superintendent of schools. The administrative review act is not expressly adopted. And in order for the administrative review act to apply, it has to be expressly adopted. And it is adopted in Article 7. It is not adopted in Article 6. And a lot of the issues that I'm talking about in terms of vacancies, rules, quorums, and things like that, those are covered by Article 6. And frankly, we don't want to be limited in the scope of what we're trying to talk about in the trial court by having a certiorari kind of thrown out. And that's why we're here. Because we haven't really heard any evidence about some of this. Maybe ultimately we won't prevail or there won't be evidence. But we won't have that opportunity if we don't have a certiorari count in place to cover some of those things that are discussed in Article 6. And that's essentially what my argument is. We also raise an argument concerning the trial court's motion to strike the defendant's answer. We believe that raising factual matters in an answer where you're supposed to either admit or deny or give an affidavit of insufficient information in order to make an answer are the appropriate means of filing an answer. In this case, the defendants, in answering the administrative review claim, added factual matters in its answer. And we believe that that was inappropriate. And I think the case law supports that. And for those reasons, we ask that the trial court reverse the decision of the trial court, allow the certiorari count to be reinstated, and that the case go to hearing on both the certiorari count to cover the Article 6 issues and the administrative review to cover the Article 7 issues. Thank you. Thank you, Mr. Pyle. Mr. Bartlett? Yes. Good morning, everyone. Please, the court. I hardly know where to begin. I'm going to start very, very simply here. This argument that there's no administrative review under Article 6, therefore if we have Article 6 issues, they aren't subject to administrative review under a Article 7 review of the regional board's decision, is, frankly, totally without merit. There would be no point to, first of all, administrative review under Article 6, because it simply sets up the board, tells it, you know, what the vote is, so on and so forth. But more importantly, the Article 7 review is categorized as a review of the decision. It's a review of the hearing and the decision, the entire record of the hearing. And as the administrative review law says, it's a review of all questions of law and fact raised by the hearing. Therefore, every issue that is, quote, talked about in the certiorari count is virtually the same as in the administrative review action, and it is totally unnecessary. But more than that, it's wrong, because the statute is very clear. When a decision, an administrative decision, is subject to administrative review, certiorari does not lie, nor does any other matter. And the trial court quickly saw that, I think, studying it and entered the correct decision. Fortinon was a couple of errors. Mr. Pelz was not present at the year-long hearings before the regional board, as I was. First, he indicated that the regional board did not adopt any rules. They did adopt rules for the hearing, rather thorough rules for the hearing. What he was mentioning is that the regional board did not have any rules of procedure for itself, which it is not required at all to adopt in the first place. Secondly, with regard to the decision made by the regional board, they didn't think they won. They thought they lost. The 300 people were cheering. I think the only person that knew was me, because I called the regionals. I couldn't raise anything at the time. I called them at midnight later and said, hey, look, you know, this 3-2 decision is a problem for you, because you currently have six members on the board. I directed their attention to the Article VI provision that says that something passed has to go through. You know, I want to point this out, too, because this is interesting. They argue in their brief that this July 9th meeting, that was the last hearing of the regional board after a year, where they heard all the evidence, they closed the hearing, and then they walked off behind, I guess, and they came back out a few minutes later and said they had a decision and they voted 3-2. Well, they argue that that's wrong. They can't do that, because that wasn't a proper meeting. Okay. I buy that. Put that right in there if you want to. But it really doesn't matter, because there's no decision at that point until the regional superintendent issues the order granting or denying the petition, and that is to be done within 30 days of the close of the hearing. Any time before that 30 days, they would have the right to reconsider, the right to do it, as any public body or any board does. But without getting into the merits, this is kind of getting into the merits of the case and getting away from what's here on appeal. The hearing was held without a quorum? No, there was a quorum. I want to mention that there are supposed to be seven members of the regional board of school trustees. There was one vacancy to start, so there were six members, 3-3. The statute does say that they shall appoint a successor. It doesn't mandate that they do so. They read that shall, that it's the board shall do it, okay, as if that has to be done. But, of course, we all know that there could be a lot of reasons why they don't do it. But first it's now 3-3, so they could never agree on anybody. Does that mean the regional board doesn't work? Or they are a regional board? Of course not. So without getting into that. Now the next point is there were six members, but Veronica Bolero, the sixth member, did not attend any of the hearings except for, I think, one at the beginning. She was extremely ill. As a matter of fact, I think it was only about a month after she gave her resignation that she passed away. She was not a participant in the hearings at all. That's why when the group was there, and it was the five that did it, and they voted 3-2, everybody started cheering and thought that they had prevented it. Regardless of that, though, let's go back and focus. I'd like to focus on the issue because if you look at the cases, I actually read them, every case they cited. Not one, of course, is directly on point, but every case cited by the appellants here is in favor of us. Actually stands for the proposition that we believe is actually true. You look at every case they cite, you'll come to the conclusion, hey, wait a minute, the trial court was right, they don't have a writ of certiorari. The absence of another remedy for direct review is an essential precondition to review by certiorari. All the cases say that. The school code does provide for review of the hearing of the regional board on a detachment under administrative review, meaning all issues of law and fact. There isn't a thing that they raised, whether it's under Article 6 or any place else, that isn't subject to review under the app. Now, another point that I think is important here, what does a writ of certiorari do? When you bring a writ of certiorari, you bring the record from the inferior tribunal to the trial court for review. And certiorari review is based solely upon the record of the proceedings before the inferior tribunal. What happens in administrative review? You bring the entire record of the inferior tribunal before the trial court for review. With that said, the petition for re-hearing is, I just noted in the brief, because I wanted to make it clear that every issue that is raised by the appellant here as supposedly leading certiorari review, which I just don't understand, I just can't get my mind around it, they're creative, but wow. Anyway, every issue that they bring is in their petition for re-hearing. That's part of the record of the proceedings. The fact that they had a motion to reconsider and took a vote, part of the record of the proceedings. The July 9th meeting, part of the record of proceedings. So how can you say that there would be a proper writ of certiorari when it would bring the record upon review? Administrative review law is specifically adopted and it brings the record upon review. And the Administrative Review Act is very clear that when you have administrative review, there is no certiorari. Okay. I think that's enough. I can almost rely on my brief on this because I see it as so simple. And I also mentioned to you that I believe every case cited by the appellant supports our position, not theirs. What's the jurisdiction of our court on the second issue? The dismissal of the... No, not the dismissal of the certiorari claim. There's a 304A finding. Yes. On the denial of the motion to strike. Well, I don't know whether you properly have jurisdiction or not as I stand here. I can't remember the trial court order. I'm sorry. I believe... The court said they find there's no just reason for delaying either enforcement or appeal of both pursuant to 304A. And it's not specific as to which motion? I'm sorry. Well, the second is the certiorari that was dismissed. Yeah. Well, you have certainly jurisdiction there, you know, to decide that issue, I believe, at this point. I would not necessarily see why not under 304A. I don't think the 304A order should have been granted, but that's my fault. I'm just a dumb country lawyer sometimes. And when they sat there and said, well, we need a 304A finding, and I'm kind of upset already after all this briefing in a year and a half on all these issues without getting to the merits. I said, oh, I don't care. And I walked away, and I figured the trial judge wouldn't grant it, but he did. So there you go. I take that one on for my clients, and I'm here pro bono for that because I feel I caused it. But the fact of the matter, that doesn't change the fundamental point. An erita certiorari only brings the record up. Administrative review only brings the record up. When there's administrative review, there's not certiorari. I could give any number of examples through the municipal code or the school code where you, for example, you might have a teacher dismissal under Article 24 subject to administrative review. But it's over in Article 10 where it gives the causes for teacher dismissal, incompetency, neglect, or whatever. Is somebody trying to say that if I have a teacher dismissal and I have administrative review that I have to review under certiorari the things that are in Article 10? Well, I think that's a real stretch. As far as our answer to the complaint, I just simply say all you have to do is read the answer and see it. It is concise. It is in accord with the Civil Practice Act. As a matter of fact, it's far better written than the complaint. And the complaint has all kinds of allegations here and there and whatever. And really, I believe that if you look at it, you'll see that that's true, that it is simple. The other thing, if they believe there was any new matter pled in the answer, they can file a reply. They could have filed a reply to what was in that complaint, and you can look at it, within an hour and a half or two hours. What? Yes. Yes, and it was perfectly proper for the trial judge to enter his discretion and his order saying, no, I'm not going to strike the answer. Yes, they have that. They have the right to, I guess, raise the issue of, well, we didn't put an affidavit in on a couple of our allegations where we said we don't have information and belief. But you have to remember, this complaint was filed against the Regional Board of School Trustees and the Committee of Ten. I represent the Committee of Ten, not the Regional Board of School Trustees. And those particular allegations where we said we didn't have information sufficient, about four of them, were all really properly directed to the Regional Board of Trustees. And, you know, it's pretty obvious that we wouldn't have information or belief. I think, I even recall saying, you know, an affidavit, fine, we'll do an affidavit. When they allege something like the board didn't discuss its meeting, the resignation of Ms. Valero, I don't know whether they discussed it or they didn't discuss it. It's irrelevant, it's immaterial. I didn't move to strike and I didn't go into this motion game with all these... Correct. But, in my opinion, time-wasting is not really necessary. I'll make one final comment because I... Two minutes. You're saying the affidavit was time-wasting? What? You're saying the affidavit was time-wasting? No, I'm saying I would have produced an affidavit right away. I wasn't saying it was time-wasting. That's simply... I just didn't think of it at the time. But when we went up to the trial court, we would certainly give them an affidavit. What I'm saying is that the allegations that we answered on information and belief, you can see, are properly directed to the Regional Board, number one, as a defendant. I probably should have just answered that way, to be honest. But, you know, I'm just going through it and getting it answered. But, you know, they're irrelevant. They have no meaning. I'll make one final case. When you file for administrative review, what's your complaint supposed to be? You're supposed to say, we believe that it's an error, okay? You can put a couple reasons in there as to why you believe it's an error. And we request the entire record of proceedings before the tribunal be presented to the trial court for review. Then all the legal issues and all the factual issues are briefed and argued to the trial court. All right? So, in essence, when you go down the line with all of these things, and if you look at the complaint and you look at our answer, you will, I think, come to the conclusion that it is reasonable. It is concise. There isn't anything wrong with it. And if they wanted to file a reply, they could, but they don't need to. There's no requirement there. They indicate that they'll be prejudiced somehow by some facts in there. How? How are they going to be prejudiced? This is administrative review of the record by a judge. There's not a jury, number one. And number two, they can't possibly be prejudiced by some of the allegations we made because most of them are just simple. You know, that one of them was, I think they put in there that anything about the vote to reconsider. They said it's irrelevant and you can reconsider. It's just a statement of law, actually. I want to thank you very much and good night. Thank you, Mr. Bartlett. Files and revoked. I would submit that counsel's argument, in part, proves my point. He raised a lot of issues concerning the board, about there was a trustee that was seriously ill and she had died. Why they... Didn't he essentially waive all those issues? Pardon? Didn't he essentially waive all those arguments that say it's all included for purposes of the trial court's decision on the merits? If this court were to issue... Or did I misunderstand? If a court were to issue a decision saying that everything that's covered by Article VI can be reviewed under the Administrative Review Act, for this case, our client would probably be satisfied. But the difficulty is, is because Article VI was not adopted and we go back before the trial court and we have a hearing on this, the school code is very specific. The decision of the school board is what is reviewed under the Administrative Review Act. There's not going to be anything in the decision about illnesses and vacancies and things like that. And we want those to be before the trial court because... Didn't you raise those issues in your petition for reconsideration? In front of the trial court? Well, yeah, in front of the board and the trial court. We did raise those issues. I mean, there is some mention of some of that in the record. But before the trial court, when they look at what is covered by the Administrative Review Act, we're talking about the decision of the administrative agency. Now, I understand that the whole record are going to be brought up, but there's an argument that can be made that, you know, some of these extraneous things about the board are not covered by the Administrative Review Act because, number one, those are Article VI issues that the Administrative Review Act has not adopted. And number two, under Administrative Review, under the section where it's adopted in Article VII of the school code, only the decision is subject to review. The decision, which talks about what the evidence of the hearing was and so forth, and the boundary change and the reasons and the findings of fact. A lot of these things that we're talking about are more appropriate. We don't have a remedy for under the Administrative Review Act, and that's why we pled and asked for certiorari, which is to allow a remedy for things that may not be covered. Those other things that you're talking about, they're dealing with what? The import of those other things, that there could not be a decision because they weren't properly constituted, that there couldn't be a decision because there are flaws in the makeup of the board. Those are among the things, and the fact that they're... Now, that's not a decision. They weren't capable of making a decision because of these flaws. That's what you're arguing, right? In part. In part. Let me ask you about jurisdiction. How do we have jurisdiction on an interlocutory order on a separate count that denied your motion to strike? I guess I'm a little bit hard-pressed on that. All I will say is that the order, the order entered by the trial court, indicated that the ruling he made, which included the denial, was subject to 304A language. So I realize there's an ambiguity there. I have been before this court on several different occasions, and I do understand what the court is asking with regard to that. I can only go by what is in the order of what the court said should be reviewed, and that ruling about the denial motion to strike was included in that order. Part of the order. Okay. Thank you so much, Mr. Pyle. Thank you both for your argument today. We'll get back to you with a written disposition within a short period. We'll now take a short recess.